BUCKLEY & *al.* vs. WOODSUM & *al.*

Where, at a trial by jury, certain depositions were objected to by one party, but were used by consent, upon condition that the Judge should direct the jury what parts of them to disregard as inadmissible ; and no such direction was in fact given ; but the Judge, before the jury retired, offered to give them further instructions on any point which either party might desire ; yet none were desired ; it was held, that this silence of the party amounted to a waiver of any objection to the testimony.

THIS was an action of *assumpsit* for the value of a cable and anchor, furnished by the plaintiffs in *New York,* for the use of the defendants' vessel there.

At the trial before *Parris J.,* it was made a question whether the cable and anchor were furnished by the plaintiffs on account of the master and owners, or on the account and credit of one *Kellogg,* a

commission ●rchant, by whom, or through whose agency in some degree, they were procured ; the defendants contending that in the latter case they were not liable to the plaintiffs, but to *Kellogg*. To both these points evidence on both sides was adduced. But the plaintiffs contended that if the articles were procured by *Kellogg*, as a commission merchant, for the use of the vessel, and through him were applied to that use, the defendants, by the custom of *New York*, were still liable to them for the value. To this point they adduced several depositions, part of which being objected to by the defendants, the Judge ruled that they were inadmissible. But afterwards the objection was withdrawn, the defendants' counsel observing that the whole might be read to the jury, the judge instructing them what portions to disregard as legally inadmissible.

Upon the whole evidence the jury were instructed that the master had power to bind the owners by purchasing the articles for their use and receiving them on board the vessel ; and that if they were so purchased, and were charged to the owners at the time, they were liable ; but that if they were sold to *Kellogg*, though he were a commission merchant, the owners were not liable, notwithstanding the articles were furnished for the use of the vessel. The judge gave them no particular instructions respecting the depositions ; but after closing his observations to the jury, he stated to the counsel on both sides that if they wished it, he would give the jury further instructions on any point of law, or draw their attention more particularly to any part of the testimony ; but nothing of this kind was requested by either side.

The verdict being returned for the plaintiffs, the defendants moved the court to set it aside, because the jury were not instructed respecting the admissibility of the depositions.

*Fairfield,* for the defendants, supported the motion on the ground that it was the duty of the judge properly to instruct the jury on all points material to a right decision of the cause, independent of what the counsel might either say or omit. And he insisted that the practice of appealing to the counsel for the expression of their wishes, however it might manifest the earnest desire of the judge to do full justice, could not absolve him from the duty of excluding illegal evi-

dence, without regard to the compact of parties. *Smith v. Carrington*, 4 *Cranch* 62 ; 1 *Stark. Ev.* 430.

*E. Shepley*, for the plaintiffs, cited *Curtis v. Jackson*, 13 *Mass.* 513 ; *Spaulding v. The inhabitants of Alfred*, 1 *Pick.* 33 ; *Esting v. The United States*, 11 *Wheat.* 75 ; *Brazier v. Clap*, 5 *Mass.* 10 ; *Jones v. Fales*, 4 *Mass.* 245.

WESTON J. delivered the opinion of the Court.

It was understood at the trial, that the presiding judge would instruct the jury that certain portions of the plaintiff's depositions were by law inadmissible. This he did not do ; but after he had closed his remarks to the jury, he stated to the counsel on both sides that if they desired it, he would call the attention of the jury more particularly to any part of the testimony. No intimation to this effect being made by the counsel on either side, the jury retired. A verdict being returned for the plaintiffs, the counsel for the defendants now moves for a new trial, on the ground that the judge omitted to point out to the jury such parts of the depositions adduced, as were inadmissible. We are very clear that under the circumstances, he must be regarded as having waived this objection. He took the chance of a verdict in his favor ; and by his silence acquiesced in the omission of which he now complains.

But both the omission and his silence are easily accounted for. By the instructions of the judge, the depositions were of no sort of importance in the cause. They were adduced to show that by the custom of *New York*, the defendants were liable for the value of the cable and anchor, which the action was brought to recover, although they were sold and delivered to a commission merchant ; but the jury were instructed to find for the defendants unless the sale was made to the master, by which the depositions were entirely disregarded, having no legal effect or bearing upon the cause. It became therefore unnecessary to refer to certain parts of them as more especially objectionable.

*Judgment on the verdict.*